CASE 29—PETITION ORDINARY—JANUARY 27.

# Owensboro and Nashville Railroad Company v. Todd, Trustee.

91 175
e111 681

91 175
f133 305

## APPEAL FROM DAVEISS CIRCUIT COURT.

1. THE LEGISLATURE CAN NOT DELEGATE TO THE CITIZEN THE POLICE POWER OF THE STATE. Therefore, while the Legislature may, as a police regulation, require a railroad company to fence all or a part of its track for the protection of the public, it can not leave to the owner of the adjoining land the determination of the question as to the necessity for a fence, and thus require the company to fence its track at the mere will of the land-owner.

2. DIVISION FENCES—DISCRIMINATION AGAINST RAILROADS.—In legislating as to the manner in which division fences shall be built by the owners of adjoining lands, the Legislature has no right to discriminate in favor of one land-owner to the prejudice of the other. Therefore, it is not within the power of the Legislature to provide that when a railroad company has been given the right of way free of

Owensboro and Nashville Railroad Company v. Todd, Trustee.

charge, the fencing is all to be done at the cost of the railroad company, after notice by the owner of the adjoining land.

In this case it is held that section 12 of an act to amend article 1 of chapter 55, General Statutes (edition of 1887, page 761), is unconstitutional.

WILBUR F. BROWDER for appellant.

The act of the Legislature, entitled "An act to amend article 1, chapter 55, of the General Statutes, title 'Division Fences,'" is unconstitutional. The objections to it are:

1. The subject is not expressed in the title   (Constitution of Kentucky, art. 2, sec. 37; Pennington v. Woolfolk, 79 Ky., 13; Rushing v. Sebree, 12 Bush, 198.)

2. It is in conflict with the first section of article 13 of the Constitution, because it discriminates against railroad companies. (Gordon v. Winchester Building Asso., 12 Bush, 110.)

3. It impairs the obligation of a contract. (Federal Constitution, art. 1, sec. 10.)

4. It deprives railroad companies of their property without "due process of law." (5th article of amendment to Federal Constitution.)

5. It denies to railroad companies the equal protection of the laws. (14th article of amendment to Federal Constitution.)

JOE HAYCRAFT for appellee.

There is no obstacle to a recovery. The act relied on is not unconstitutional.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case a judgment was rendered against the railroad company (appellant) for the sum of two hundred and forty-two dollars, the cost of erecting two lines of fence separating the land or right of way owned by the company from the land of the appellee. The way of the company passed through the tract of land, and this right on the part of the company had been granted to it about ten years before the action was instituted by a remote grantor of the appellee without any claim to damages. In other words, the right to pass over the land was, by the original owner,

Owensboro and Nashville Railroad Company v. Todd, Trustee.

donated to the company.  The right of recovery for
the entire cost of building this fence on each side of
the track from the railway company is based on the
act to amend article 1 of chapter 55, General Stat-
utes.  The title to the original act is that of "*In-
closures and Certain Trespasses.*"   Section 2 of the
amended act provides, where a railroad has been built
for ten years, and is in operation, and assessed for taxa-
tion, the company owning the road is placed on equal
terms with other land-owners, making each pay his pro-
portion of the cost of fencing on the line dividing the
right of way from the adjacent land.   Section 5 gives to
one owning land adjoining this right of way the right
to notify the railroad company of his purpose to build
a division fence, or that he has already built one.   Then
the company is required to build its part of the fence
in four months after the notice, and upon failure to do
so the land owner may build it for the company and
recover the cost of construction, &c.   Section 12 pro-
vides that where a railroad company has been given
the right of way free of charge, then the fencing is
all to be done at the cost of the railroad company after
notice by the adjoining land-owner that the fence must
be built.   The notice having been given in this in-
stance to the company, or its agent, as provided by
the act, and the company failing to build the fence,
it was built by the owner of the land, and the entire
cost recovered of the company.

The railroad company complains of the judgment,
and insists that the act is unconstitutional, because
it exempts the owner of the adjoining land from any
part of the burden, and places it all on the company,

and for the stronger reason that the act in question gives to the owner of adjoining land the right to compel the company to build the fencing, and providing a remer y in the event c' its failure to comply with the demand, and imposes ɪ o such obligation or duty on the part of the owner t₀ the railroad company.

· It will be found that la vs are being constantly enacted that are applied so ely to the obligations and duties of corporations, and while such statutes are special, and apply alone in many instances to a particular class of corporations, they are, nevertheless, held valid, because of the legislative control over them, in order for the protection of the public and the safety of the citizen. The right to legislate for the purpose of protecting the lives of those who are being carried as passengers on railroads, and to secure the safety of both persons and property, is within the province of the law-making power, and, therefore, a railroad may be compelled to fence its track when, in the opinion of the Legislature, it is necessary for the safety of those who are passengers upon its train, or even to prevent the useless or negligent destruction of stock. Such legislation may be regarded as a proper regulation of the duties of railroad corporations. The rights and privileges conferred, when connected with the public interest involved, authorize this legislative control, and in no manner interferes with the proper exercise of the rights conferred by the act of incorporation. The power is retained by the Legislature to regulate the exercise of the rights given for the safety of the public. If the Legislature should deem that it was necessary for the security of the passen-

gers and the public that the company should fence its right of way on any particular part of the company's track, we would have no hesitation in adjudging that the power to do so existed, but in this case there is no pretense that the Legislature is in the exercise of that police power. The act in question is intended to provide the manner in which division fences shall be built by the owners of adjoining lands. It is found under the title, "Inclosures," and fixes a liability for the destruction of stock, but discriminates in favor of one land-owner to the prejudice of the other. There is a plain distinction in an act of the Legislature requiring a railroad company to build its line of fence on a particular part of its way, and in the event of its failure providing that the owner of the adjacent land may build it at the cost of the corporation, and an act requiring the corporation to build its line of fence at the instance of the owner. In the first instance the police power is being exercised by the Legislature, and in the last by the owner of the soil. We are alluding now to the 12th section of the amended act that enables the owner of the adjoining land where the right of way has been given the corporation, even by a remote grantor, to require the corporation to build both lines of fence at its own cost, and, if not built, then the fence may be built by the adjoining owner, and the entire cost recovered of the corporation. It is left with the owner of the adjoining land not only to enforce, but to determine for himself the necessity for this police regulation, and, therefore, in violation of the Constitution. Such a power can not be delegated to the citizen, and as

Owensboro and Nashville Railroad Company v. Todd, Trustee.

this fencing is alone for the protection of the land-owner, and at his instance, the duties and obligations must be reciprocal, and with such a discrimination the 12th section of the act can in no sense be regarded as legitimate legislation. If any line of a railroad, or a part of it, is required to be fenced by the company for the public safety, the Legislature must so enact, and not leave so important a question to be determined at the mere will of the owner of the adjacent land. Such regulations, says Mr. Cooley in his work on Constitutional Limitations, "must have reference to the comfort, safety or welfare of society, and they must not, under pretense of regulation, take from the corporation any of its essential rights. In short, they must be police regulations in fact." (Cooley on Constitutional Limitations, 719.)

This is the general doctrine applicable to the rights of private and *quasi* public corporations under their charters, and when applied to the facts of this case the 12th section of the act in question is plainly for the benefit of one land-owner at the expense of another.

The judgment is reversed, and remanded with directions to sustain the demurrer, and for proceedings consistent with this opinion.