CASE 72—ACTION TO COMPEL THE CHESAPEAKE AND OHIO RAIL-
WAY CO. TO FENCE ITS RIGHT OF WAY.—Oct. 4.

# Ringo, &c., v. Chesapeake & Ohio Ry. Co.

### APPEAL FROM MENIFEE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

RAILROADS—RIGHT TO FENCE RIGHT OF WAY—RETROSPECTIVE OPER-
ATION OF STATUTE.

Held: Kentucky Statutes, sec 1797, providing that, when the owner
of any land has given to the owner or operator of any rail-
road a right of way through such land free of charge, the en-
tire fencing on the division lines between such lands and
the right of way shall be done by, and at the cost of the
owner or operator of such railroad, does not apply to a
right of way acquired prior to the enactment of the statute.

B. F. DAY & SON, FOR APPELLANTS.

This appeal is prosecuted from a judgment dismissing ap-
pellant's petition and raises these questions:
1. Can railroads be compelled to fence their roads under the
statute?
2. If so, is appellant's petition good? We insist that the stat-
ute from sections 1789 to 1799 require the appellee to build
a fence on each side of its road.   No person owning the lands
across which the road was constructed having been paid any
sum therefore, but the lands were donated to the railroad Co.
We claim that the Legislature has the undoubted right to
require all railroad corporations to enclose their roads with
fences as a matter of safety to the public.

### AUTHORITIES CITED.

Kentucky Statutes, sections 1789 to 179' inclusive; Ohio
R. Co. v. Peoples, 121 Ills., 483; Jones v. lligman, 81 N.
Y., 190; Owensboro R. R. Co. v. Todd, 91 ., 175; Sleadd
v. Southern R. R. Co., 22 Ky. Law Rep., Owensboro R.
R. Co. v. Courts, 22 Ky. Law Rep., 672; er v. L. & N.
R. R. Co., 19 Ky. Law Rep., 506; Ind. 7. Parker, 29
Ind., 471; Ohio R. R. Co., v. Russell, 115 Ill., .

JOHN T. SHELBY, FOR APPELLEE.

The petition is not good:

1. Because the railroad was built before the passage of the act under which this suit was brought, and said act has been held by this court to be unconstitutional so far as it applies to roads previously constructed.

2. Because the petition fails to allege either that the lands were improved and cultivated lands, or if unimproved and uncultivated that the owner had previously enclosed such lands on three sides with sufficient fences, etc.; as required by sec. 1792 Kentucky Statutes.

### AUTHORITIES CITED.

O. & N. R. R. Co. v. Todd, 91 Ky., 175; Sleadd v. Southern Ry. Co., 22 Ky. Law Rep., 713; Kentucky Statutes, sections 1792 and 1797.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The Chesapeake & Ohio Railroad maintains, owns, and operates a railroad formerly known as the Kentucky & South Atlantic Railroad, which runs through the lands of the appellants, in Menifee county. The appellants having given notice to the appellee to fence the right of way through its lands, and it having failed to do it, this action was instituted to compel it to do so or pay the expense thereof. In 1876 Solomon Ringo was the owner of the land, and donated the right of way through it to the Kentucky & South Atlantic Railroad. This action is based on section 1797, Kentucky Statutes, which reads as follows: "That when the owner of any land or lands, or any immediate or remote grantor or vendor of such owner, has given to the corporation or person owning or controlling and operating any railroad a right of way through such land or lands free of charge, then the entire fencing on the division lines between such lands and the right of way of such railroad shall be done by and at the cost of the corporation or person owning or controlling and operating

such railroad, said fencing to be done as required by this act." As the right of way was donated before the enactment of the statute of which section 1797 is a part, it is insisted by counsel for appellee that the section can not be so construed as to impose an obligation upon the appellee to fence the right of way. This section is substantially of the same import as section twelve of the act of 1886, which was construed in Railroad Co. v. Todd, 91 Ky., 175 (12 R. 726) (15 S. W., 56, 11 L. R. A., 285). In that case it appeared that the donation was made long before the passage of the act. It was sought in that case to compel the railroad to fence its right of way at its own expense. The court held that the statute was unconstitutional.

This court had under consideration section 1797 in the case of Slead v. Railway Co., 109 Ky., 214; 22 R., 713 (58 S. W., 581), and held that it was valid in so far as it imposed the duty upon the railroad companies to fence their rights of way which had been donated after the enactment of the law containing the section; but in that case it was also held that it was not enforceable against a railroad where the right of way was given prior to the enactment of the statute. From the opinions of this court referred to, the appellants can not compel the appellee to fence the entire right of way at its own expense. Therefore the court properly sustained a demurrer to the petition as amended. The judgment is affirmed.