## United States Fidelity & Guaranty Co. v. Martin.

(Decided April 20, 1911.)

### Appeal from Calloway Circuit Court.

1. Parties to Action—When the papers of a suit have been destroyed in the burning of the courthouse, a person who signs an agreement that a substitute petition shall take the place of the original petition, and is referred to in the agreement as a party to the action, will be presumed to have been a party to the action from the beginning.

2. Executors—Preferred Creditors—Where the executor's accounts have been settled in an action brought by him for that purpose, a preferred creditor can not thereafter maintain an action against him to recover money paid by him on claims not preferred.

JOS. B. GROGAN for appellant.

E. P. PHILLIPS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON — Affirming.

Charles Jetton was the guardian of Martha and Sallie Brown, the United States Fidelity and Guaranty Company being the surety on his bond as guardian. He had in his hands about $1,100.00 of his wards' when he died. M. W. Martin qualified as his executor. The estate proved to be insolvent. The executor paid about $500.00 on the amount due by him as guardian of Martha and Sallie Brown. A judgment having been recovered against the surety for the balance, it paid the judgment, and then brought this suit against Martin in which it alleged in substance that he had out of the estate of Jetton in his hands paid debts amounting to about $400.00 on which he was surety, but which were not preferred debts, and that the whole estate which came to his hands was not sufficient to pay the preferred claims. Judgment was asked against him for the money which should have been paid upon the preferred claim referred to but was paid upon the debts not preferred on which Martin was surety. Martin by his answer pleaded in substance that he had brought a suit to settle his accounts and that in this suit his accounts had been settled and a final judgment rendered which he pleaded in bar of the action. On final hearing the circuit court dismissed the plaintiff's petition, and it appeals.

It is insisted that the United States Fidelity and Guaranty Company was not a party to the suit which Martin brought as executor for the settlement of his accounts. The court house was burned shortly after the suit was brought and the papers were burned. Whether the appellant was made a party to that suit originally, there is no record now to show, but at the next term of the court a substitute petition was filed under a written agreement made by the appellant and others, and in that agreement it is referred to as one of the defendants to the suit. It is also referred to in the judgment rendered in the action as one of the defendants.

In view of the written agreement made by it and the subsequent proceedings appellant must now be presumed to have been a party to the suit from the beginning.

It is also insisted that the court did not confirm the settlement of Martin's accounts in that case or enter a judgment discharging him. The record shows that the case was regularly referred to the commissioner to make a settlement; that the commissioner filed his settlement and it was laid over three days for exceptions, and that after three days, no exceptions being filed, the case was

submitted for final judgment, and a judgment was then entered which disposed of the action. While the judgment does not in words confirm the report and discharge Martin, this is the necessary effect of the judgment, as it finally disposed of the action. He was credited in the settlement then made by the payments which it is now alleged were wrongfully made. If exceptions had then been filed to the report, the matter might have been corrected in that suit, but the parties having had their day in court, cannot after that action was closed, bring a new action to present a matter that was finally determined there, or should have been determined there. If such a practice was allowed, suits by fiduciaries to settle their accounts would be of little avail; for they would still be subject to a separate suit by every creditor deeming himself prejudiced.

Martha and Sallie Brown were made parties to that suit, and, as we have said, so was appellant. It is not material that J. E. Owens who has succeeded Charles Jetton as guardian of Martha and Sallie Brown was not a party to the action, and that the amount due from Jetton as guardian had not been fixed. Appellant knew that it was on the bond and also knew that the claim was a preferred one. The court so adjudged in the judgment referred to and it was incumbent on it to see that no money of the estate was applied by the executor to pay debts to the prejudice of its preferred claims. Appellant understood that Martin's report had been confirmed; for at a subsequent term and after the court had lost power over the matter, it entered a motion in that action to set aside the order confirming the report.

Judgment affirmed.