## Southern Ry. Co. in Kentucky v. Dawson et al.

March 8, 1940.

Charles C. Marshall, Judge.

Edw. P. Humphrey, Marvin H. Taylor and Todd & Beard for appellant.

Gilbert & Davis for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

The appellees brought this suit in equity in the Shelby circuit court to require the appellant to repair and maintain all its fencing on both sides of the railroad right-of-way of the defendant which extends through the lands of the appellees.

The petition alleges that appellees, plaintiffs below, are the joint owners and in possession of a tract of land in Shelby county, Kentucky, through which the appellant maintains and owns its railroad right-of-way dividing appellees' land and leaving portions thereof on each side of the right-of-way; that appellant and its predecessor and grantor obtained its said right-of-way free of any charge or compensation for the land or fencing about the year 1888 and accepted a deed therefor as a gift and donation for the operation of a railroad; that pursuant to these facts and recognizing the obligation imposed by law appellant and its grantor built and for a while maintained a good and lawful fence on both sides of said right-of-way on the line between its right-of-way and the other land of the plaintiffs. They further alleged that many years ago the defendant, appellant, permitted its line of fence to become out of repair and insufficiently closed to keep livestock off the right-of-way and said railroad track. They prayed that the defendant be required to erect a good and lawful fence on the line between its said right-of-way and the land of appellees and be required to maintain said fence as a lawful one.

Appellant filed a demurrer to the petition which was overruled with exceptions and thereupon filed its answer and counterclaim, the first paragraph of which denied certain allegations of the petition. In Paragraph 2 for answer and counterclaim it alleged that said right-of-way described and extended through the plaintiffs' land was donated to the defendant's predecessor, Louisville-

Southern Railway Company, from which appellant acquired title before said railroad was constructed and was completed and put in operation in the year 1888 and before Section 1797 of the Kentucky Statutes was enacted by the General Assembly of Kentucky, which was in the year 1893; that at the time of said donation of said right-of-way to appellant's predecessor in title there was no law in Kentucky requiring a railroad company to construct or maintain any fence on either side of its right-of-way. It further alleged that it had constructed and reconstructed and placed in good repair and in good condition in the manner and form prescribed by law, a fence on each side of its said right-of-way separating same from the adjoining lands of the appellees, but that appellees have not constructed, reconstructed or maintained any part of said right-of-way fence; that it had given written notice to appellees that it had constructed, reconstructed and put in good condition a good and lawful fence on each side of its railroad right-of-way adjoining the lands of appellees and was maintaining one-half of said division fence on each side of its right-of-way and called upon appellees to maintain in good condition and repair the other one-half of said fence on both sides of the right-of-way. It prayed that the answer be made a counterclaim against appellees and that their petition be dismissed and that appellees be required by judgment of the court to reconstruct when necessary and to maintain in good condition and repair and in the manner and form prescribed by law, one-half of the fence on each side of defendant's said railroad right-of-way. By amended answer and counterclaim appellant further plead that to place upon it an obligation for the construction and maintenance of all or more than one-half of the fence on both sides of the right-of-way in question and separating said right-of-way on each side thereof from the adjoining lands of appellees, would be violative of the Impairment of Contract clause of Article I of Section Ten of the Constitution of the United States, and the Due Process clause and Equal Protective clause of the Fourteenth Amendment to the Federal Constitution, and violative of defendant's rights thereunder, and also violative of various provisions of the present Constitution of Kentucky.

The court sustained a demurrer to the second para-

graph of appellant's answer and counterclaim, and same as amended, will leave to further amend, and appellees declining to plead further, the second paragraph of the answer and counterclaim as amended was dismissed, and the court entered judgment adjudging that it is the duty of the appellant to perpetually maintain a good and lawful fence on the said right-of-way separating it from appellees' land on both sides thereof. This appeal results.

It is the appellant's contention that the general demurrer to the plaintiffs' petition should have been sustained because it shows on its face that the right-of-way in question was donated in 1888 before the enactment of Section 1797, Kentucky Statutes, which was enacted in 1893, and, therefore, no obligation was imposed upon appellant to do all the fencing of the right-of-way and maintain same as contended for by appellees, and for that reason the court erred in failing to sustain appellant's demurrer to the petition and erred in sustaining the demurrer to the second paragraph of the answer. Both of these demurrers raised the same question of law and a determination of one is conclusive of the other.

In Owensboro & Nashville R. R. Co. v. Todd, Trustee, 91 Ky. 175, 15 S. W. 56, 11 L. R. A. 285, a railroad right-of-way had been donated by the adjoining property owner to the railroad company. The railroad company did not pay for the fencing of the right-of-way and the property owner having paid for same sued the railroad company for the cost thereof, relying upon the Act of 1886 which is contained in the Acts of 1885-86, Chapter 1253, entitled "An Act to Amend Article I Chapter 55 of the General Statutes, Title, Division Fences." Section 12 of that Act provided in substance that where the land had been donated the railroad company has to bear the entire cost of fencing the right-of-way. This court held the Act of 1886, and particularly Section 12 thereof, the donation provision, was unconstitutional. It is pointed out in that opinion that Section 12 was inseparably commingled with various other provisions of the Act, hence the entire Act was unconstitutional. The court said:

"We are alluding now to the twelfth section of the amended act, that enables the owner of the adjoin-

ing land, where the right of way has been given the corporation even by a remote grantor, to require the corporation to build both lines of fence at its own cost, and, if not built, then the fence may be built by the adjoining owner, and the entire cost recovered of the corporation. It is left with the owner of the adjoining land not only to enforce, but to determine for himself the necessity for this police regulation, and, therefore, in violation of the constitution. Such a power cannot be delegated to the citizen, and as this fencing is alone for the protection of the landowner, and at his instance, the duties and obligations must be reciprocal; and, with such a discrimination, the twelfth section of the act can in no sense be regarded as legitimate legislation.''

In Ringo v. Chesapeake & O. Ry. Co., 111 Ky. 679, 64 S. W. 522, 23 Ky. Law Rep. 941, the Todd case, supra, was referred to with approval and the same principal was followed, pointing out that the Act of 1886 referred to above had been held unconstitutional and therefore did not impose upon the railroad company the duty of fencing the entire right-of-way at its own expense as provided in Section 1797 which was substantially the same as the 1886 Act except that it removed the objectionable features of that Act which rendered it invalid. See, also, to the same effect, Louisville & N. R. R. Co. v. Thompson, 64 S. W. 515, 23 Ky. Law Rep. 936. We think the authorities supra are conclusive of this case.

Appellees rely upon Steadd v. Southern Railway Co. in Kentucky, 109 Ky. 214, 58 S. W. 581, 582. That case is referred to in the Ringo case, supra, pointing out that in the Steadd case the Act of 1886 was held unconstitutional, and therefore imposed no duty upon railroad companies to fence their right-of-way which was given prior to the enactment of Section 1797, which was substantially the same as the 1886 Act with the exception above pointed out. It is stated in brief of appellee that the right-of-way in question in the Steadd case was donated in 1888 and, in fact a part of the same right-of-way or transaction involved in the present case. However, that opinion does not show when the right-of-way was in fact donated, but since the opinion recognizes the unconstitutionality of the 1886 Act and further says, ''In this case the grant of the right of way was made after

the statute was passed, and persons who contract after a statute has taken effect must be presumed to contract with reference to it,'' it is not clear whether the quoted language refers to the 1886 Act or the 1893 Act, but since the unconstitutionality of the 1886 Act was recognized we presume that the writer of that opinion had reference to the 1893 Act. However, if that language had reference to the Act of 1886, evidently he intended to hold that since the right-of-way was donated after the enactment of the 1886 Act the parties intended to contract under it, and since this was the intention of the contracting parties, the railroad company was bound by the 1886 Act, notwithstanding its invalidity. If such should be the interpretation of that opinion, we are unable to agree with it to that extent.

It is our conclusion, therefore, that since the right-of-way in question in the present case at bar was donated prior to any valid statute requiring the railroad company to do all the fencing, maintenance, etc., at its own cost, the appellant is not legally bound to do so in this case. It follows that the court erred in failing to sustain the demurrer to the petition, and also erred in sustaining the demurrer to paragraph two of appellant's answer.

For the reason stated the judgment is reversed and remanded for proceedings consistent with this opinion.